**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| RHONDA D. WILHELM PINSON, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | Civil Action No. 6:09-CV-026-C ECF |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | § § § § | |
| Defendant. | § | Referred to the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed March 5, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. On March 9, 2009, the United States district judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States magistrate judge for all further proceedings. Plaintiff filed a brief in support of her complaint on October 16, 2009, Defendant filed a brief on November 4, 2009, and Plaintiff filed her reply on December 4, 2009. This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge reverse the Commissioner's decision and remand this case for further administrative proceedings.

### I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for disability insurance benefits on July 14, 2006, alleging disability beginning September 23, 2005. Tr. 10. Plaintiff's application was denied initially and upon reconsideration. Tr. 10, 57-61, 64-67. Plaintiff filed a Request for Hearing by

Administrative Law Judge on April 9, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 23, 2008. Tr. 10, 23-52, 68-69. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 26-47. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 47-51. The ALJ issued a decision unfavorable to Plaintiff on March 25, 2008. Tr. 7-19.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through December 31, 2009, and that Plaintiff had not engaged in substantial gainful activity at any time since September 23, 2005. Tr. 10, 12. Plaintiff has "severe" impairments, including multiple sclerosis and hypertension. Tr. 12. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 17.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 18.

The ALJ found that Plaintiff could return to her past relevant work as a receptionist or a secretary. *Id.* The ALJ also found that Plaintiff retained the RFC to perform the requirements of sedentary work activity, limited to jobs that do not require more than frequent use of the left nondominant upper extremity for repetitive-type job tasks and that require prolonged work tasks –

only brief ones that permit the intermittent opportunity to sit/stand while performing work activity. Tr. 17. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 18-19.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 9, 2008. Tr. 6. The Appeals Council denied Plaintiff's request and issued its opinion on January 6, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On March 5, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 17-19.

### III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ failed to apply the appropriate legal standard in evaluating Plaintiff's "severe" mental impairment. Plaintiff further alleges that the Appeals Council erred by failing to appropriately consider evidence indicating that Plaintiff's severe impairment waxed and waned and thus prevented her from maintaining employment.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.  Whether the decision of the Commissioner is supported by substantial evidence considering the new evidence submitted after the hearing.**

Plaintiff argues that the decision of the Commissioner is not supported by substantial evidence because the Appeals Council failed to appropriately consider a supplemental report provided by Dr. Hassan Javanshir after the hearing which indicated, in part, that Plaintiff

experiences relapses once or twice a year for five continuous weeks. Plaintiff argues that such evidence demonstrates that Plaintiff's condition waxes and wanes, and prevents her from maintaining employment.

When new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. To justify a remand, 42 U.S.C. § 405(g) requires that the evidence must be new and material and there must be good cause for the Plaintiff's failure to incorporate the evidence into the record before the ALJ's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir. 1989). *Ripley* further provides that in order to be material, such new evidence must relate to the time period for which the disability benefits were denied, and there must be a reasonable probability that this new evidence would change the outcome of the Secretary's decision. 67 F.3d at 555. The court will review new evidence only to determine if a remand is appropriate. *Id*. Pursuant to *Higginbotham v. Barnhart*, the court finds that the additional medical evidence is properly before this court. *See* 405 F.3d 332, 337 (5th Cir. 2005) (concluding that evidence submitted for the first time to the Appeals Council is part of the record on appeal).

The appropriate questions are whether the February 2008 report of Dr. Javanshir is material and whether there is a reasonable probability that the evidence would change the outcome of the Secretary's decision. Defendant argues Dr. Javanshir's report only reiterated his previous opinion that Plaintiff experienced a worsening of symptoms during relapse periods.

In *Singletary v. Bowen* the Fifth Circuit explained that "[a] determination that a claimant is unable to continue working for significant periods of time must, however, be supported by more than a claimant's personal history; it must also be supported by medical evidence. 798 F.2d 818, 822 (5th Cir. 1986) (citing 20 C.F.R. §§ 404.1546; 404.1560). The claimant in *Singletary* was found to be

more limited than Plaintiff and was characterized by one physician as "an inadequate personality with periodic alcohol and drug abuse that leads to transient psychotic episodes in a person with low average intelligence, who has had some diffuse brain damage, has had a nomadic life and who had a chaotic rearing," who engaged in inappropriate behavior and poor social adjustment. 798 F.2d at 823. In *Frank v. Barnhart* the Fifth Circuit explained that *Watson* requires a situation in which, "by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms," and explained that evidence indicating the claimant's degenerative disc disease prevented her from maintaining employment because every number of weeks she lost movement in her legs would be relevant to a determination of ability to maintain employment. 326 F.3d 618, 619 (5th Cir. 2003).

In this case, the report by Dr. Javanshir was clearly relevant to the appropriate time period. Defendant argues that the ALJ is free to reject the opinion of a physician that is not supported by the evidence of record or that conflict with other evidence from another physician. Defendant correctly notes that the ALJ has primary responsibility for resolving conflicts in the evidence." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990)). However, with new, material evidence, and under *Higginbotham*, the inquiry is whether remand is appropriate. Dr. Javanshir's report indicating that Plaintiff's condition "waxes and wanes," that Plaintiff experiences periods of exacerbations of five weeks' duration once or twice per year, and the evidence as a whole raises the question as to whether Plaintiff could maintain employment. There is a reasonable probability that this new evidence would change the outcome of the Secretary's decision. *Ripley*, 67 F.3d at 555. Therefore, remand is appropriate to allow the ALJ to resolve any conflicts in the evidence and to determine whether Plaintiff's retains the RFC to perform and maintain her past relevant work as a receptionist and a secretary.

**B.      Whether the ALJ erred in evaluating Plaintiff's mental impairment.**

Plaintiff argues that the ALJ erred in evaluating her mental impairment. Plaintiff argues that the ALJ implicitly found that her mental impairment was severe. Plaintiff alleges that the ALJ failed to appropriately evaluate her mental impairment, the limitations imposed therein, and the mental demands of Plaintiff's past relevant work.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a and 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "b" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20 C.F.R. § 404.1520a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding as to the degree of limitation in each of the functional areas described. 20 C.F.R. § 404.1520a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 404.1520a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. pt. 404, subpt. P,

app. 1, 12.00-12.09; 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

Plaintiff argues that the ALJ implicitly found that her mental impairment was "severe," having found that she experienced "one or two" episodes of decompensation of extended duration. Plaintiff correctly notes that 20 C.F.R. § 404.1520a(d)(1) specifically provides that a mental impairment is considered "not severe" only if the degree of limitation noted in performing the psychiatric review technique is "none" in the area of episodes of decompensation.

Defendant argues that the ALJ appropriately did not find that Plaintiff's mental impairments were severe but also incorporated "mild" limitations imposed by her mood disorder into the RFC finding.

The court finds that the Commissioner's decision is not supported by substantial evidence and that remand is appropriate to permit the ALJ to further consider the evidence submitted after the hearing and resolve any conflicts in the evidence.

The court does not reach the question of whether the ALJ erred in evaluating Plaintiff's mental impairment. However, upon remand, the ALJ should also further consider whether Plaintiff's mental impairment(s) are severe, whether any limitations are imposed therein, and the effect that her mental demands have on her past relevant work.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge reverse the Commissioner's decision and remand this case for further proceedings in accordance with this recommendation.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 9th day of September, 2010.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**